```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/23/14
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-against-

LOUIS McINTOSH,

                                Defendant.

---

11-Cr-500 (SHS)

OPINION

SIDNEY H. STEIN, U.S. District Judge.

In sentencing defendant Louis McIntosh, this Court addressed three questions that deserve further elucidation. First, a jury having convicted McIntosh of three firearm offenses related to each through a single conspiracy, must the Court sentence him separately on each firearm offense? Second, in what order should the Court sentence McIntosh on those firearm offenses, where the sequence of the counts determines the total mandatory minimum sentence? And third, after the Court has calculated the mandatory minimum sentence on those counts, may the Court consider the lengthy minimum when sentencing McIntosh on other counts?

## I.  FACTUAL BACKGROUND

The Court assumes familiarity with the facts underlying this case, which are more fully set forth in *United States v. McIntosh*, No. 11 Cr. 500, 2014 WL 199515 (S.D.N.Y. Jan. 17, 2014) ("*McIntosh I*"). Briefly stated, Louis McIntosh was convicted after a jury trial of nine counts that, taken together, describe a spree of robberies and firearm offenses by McIntosh. The nine counts are as follows: one count of conspiracy to commit robbery in violation of the Hobbs Act, 18 U.S.C. § 1951 (Count One); one count of using, carrying, or possessing firearms in connection with Count One, in violation of 18 U.S.C. § 924(c) (Count Two); two counts of committing

Hobbs Act robbery (Counts Five and Seven); two counts of using, carrying, or possessing firearms in connection with the consummated Hobbs Act robberies, in violation of Section 924(c) (Counts Six and Eight); and three counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Counts Nine, Ten, and Eleven).[1] As to Counts Two and Eight, the jury found that a firearm was discharged. As to Count Six, the jury found only that a firearm was brandished.

On May 23, 2014, the Court sentenced McIntosh to a term of imprisonment of 720 months, followed by 27 years of supervised release. (*See* Judgment, Dkt. No. 215.) This Opinion supplements the record of McIntosh's sentencing to articulate more fully the Court's view on discrete issues that arose in connection with the sentence.

## II.  LEGAL BACKGROUND

18 U.S.C. § 924(c) requires that a mandatory minimum sentence be imposed when "any person [], during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). Not only must the mandatory minimum sentence be imposed, but also any sentence pursuant to that provision must be imposed to run consecutively to all other sentences, including any sentence for the underlying predicate crime of violence and any sentence for a separate Section 924(c) conviction. *See id.; id.* § 924(c)(1)(D) ("Notwithstanding any other provision of law . . . (ii) no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the

---

[1] The indictment as submitted to the jury was redacted to remove references to McIntosh's co-defendants who were not tried with him and to remove counts that were not lodged against McIntosh. This Opinion uses the numbering convention in that redacted indictment.

person, including any term of imprisonment imposed for the crime of violence . . . during which the firearm was used, carried, or possessed.")

Section 924(c) establishes a range of mandatory minimum sentences, including: a threshold minimum of five years for the use, carrying, or possession of a firearm, *id.* § 924(c)(1)(A)(i); seven years if a jury finds that "the firearm is brandished," *id.* § 924(c)(1)(A)(ii); ten years if a jury finds that "the firearm is discharged," *id.* § 924(c)(1)(A)(iii); and 25 years "[i]n the case of a second or subsequent conviction under this subsection," *id.* § 924(c)(1)(C).

## III. DISCUSSION

### A. Because McIntosh's convictions under Section 924(c) are based on distinct uses of firearms in the commission of separate crimes of violence, the Court must sentence him consecutively on each count.

McIntosh urges this Court to avoid sentencing him to consecutive sentences on his three separate Section 924(c) convictions because, he insists, the convictions are duplicative of each other. However, the convictions are in fact not duplicative, and the Court must therefore impose sentence on each count consecutively.

Courts use caution to avoid "punish[ing] a defendant twice for continuous possession of a firearm in furtherance of co-terminous predicate offenses involving essentially the same conduct." *United States v. Wallace*, 447 F.3d 184, 187-88 (2d Cir. 2006). After all, "[t]wo § 924(c) convictions that are based on a 'single unit of prosecution' . . . cannot stand." *United States v. Young*, No. 12-513, 2014 WL 1327940, at *9 (2d Cir. Apr. 4, 2014) (summary order) (quoting *Wallace*, 447 F.3d at 187-88). However, this principle does not automatically preclude separate Section 924(c) convictions and consecutive sentences for separate acts connected by a single conspiracy, as the U.S. Court of Appeals for the Second Circuit held in *United States v. Mejia*, 545 F.3d 179 (2d Cir. 2008). *See id.* at 204-06. In that case, three separate Section 924(c) convictions were based on three

separate assaults that were, however, "all [] in furtherance of the same conspiracy." *Id.* at 204. The panel in *Mejia* noted that "the appropriate unit of prosecution under [Section 924(c)] is the predicate offense (i.e., the 'crime of violence')." *Id.* at 205. The single conspiracy connecting the various assaults did not alter the court's conclusion that the separate assaults were separate crimes of violence and therefore separate units of prosecution. *Id.* at 205-06. Accordingly, the court affirmed the imposition by the district court of a consecutive sentence for each separate Section 924(c) conviction. *Id.* In a recent non-precedential summary order, the Second Circuit followed *Mejia*, affirming consecutive sentences on multiple Section 924(c) counts where "the evidence permitted a reasonable jury to find that the predicate conduct underlying [one Section 924(c) count] was not the same conduct referred to in [the other Section 924(c) counts]." *Young*, 2014 WL 1327940, at *9. Thus, under *Mejia* and its progeny, multiple Section 924(c) convictions based on related predicate offenses are not duplicative so long as a reasonable jury could have found that they were based on distinct predicate conduct.

The jury in McIntosh's trial convicted him of three counts of violating Section 924(c). McIntosh, seeking to avoid consecutive sentences for his multiple Section 924(c) convictions, argues that the Court should "construe the indictment as if the subsequent 924 counts were charged in one count as part of Count Two." (Def. Sentencing Mem., Dkt. No. 210, at 9.) He relies on the premise that "a conspiracy is a single ongoing crime." (*Id.*) His memorandum characterizes Count Two as "a single charge of a 924 conspiracy" (*id.*), and he therefore argues that Count Two subsumes the other Section 924(c) counts as components of that conspiracy.

Contrary to McIntosh's characterization, Count Two does not charge a "924 conspiracy." Rather, it charges the use of a firearm in furtherance of Count One, a Hobbs Act conspiracy. Counts Six and Eight, in turn, charge the uses of firearms in furtherance of other crimes—Count Six in furtherance of a robbery in Lynnbrook and Count Eight in furtherance of a separate robbery in Poughkeepsie.

The Section 924(c) convictions are not duplicative. Counts Six and Eight are related to each other as the multiple Section 924(c) convictions in *Mejia* were related to each other: separate uses of firearms in separate predicate crimes connected by a common conspiracy. McIntosh's case is distinct from *Mejia* in that he was additionally convicted (in Count Two) of using a firearm in furtherance of that common conspiracy, but it is nonetheless covered by *Mejia*'s reasoning. Ample trial evidence supported a Section 924(c) conviction separate and apart from the conduct in Counts Six and Eight, because McIntosh's use of firearms in furtherance of the Hobbs Act conspiracy was not limited to the uses charged in Counts Six and Eight. (*See* Ramirez Tr. 722-23, 743-48, 754-55; *see also* Soukeras Tr. 54-63; Stern Tr. 203-04; Wolf Tr. 454; Ramirez Tr. 689-703; Duhaney Tr. 842-44.) The same trial evidence portrays activities of McIntosh and his co-conspirators in furtherance of the conspiracy besides the consummated robberies, and it therefore supports the conspiracy charged in Count One as a separate unit of prosecution.

Because McIntosh was convicted of three counts—each supported by separate evidence—charging him with three uses of firearms in furtherance of three underlying predicate crimes, Section 924(c) requires that he receive three separate, consecutive sentences for those counts.

**B.   McIntosh's total sentence depends on the sequence of his various convictions under Section 924(c), and the appropriate sequence under the facts of this case is the one that yields the most lenient sentence.**

McIntosh's multiple convictions under Section 924(c) take on special significance because the statute provides lengthy mandatory minimums for each subsequent conviction. More specifically, "[i]n the case of a second or subsequent conviction under [that] subsection, the person shall . . . (i) be sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(1)(C).

Before this case, McIntosh had never been convicted under Section 924(c). His convictions on Counts Two, Six, and Eight therefore represent his first, second, and third convictions under Section 924(c). For each of McIntosh's second and third convictions under Section 924(c), this Court is required to sentence him to at least 25 years imprisonment. Those two convictions—whichever of Counts Two, Six, and Eight are defined as the second and third convictions, as opposed to the initial conviction—together require a sentence of 50 years imprisonment.

With 50 years as a fixed sentence for the second and third convictions, McIntosh's aggregate sentence depends on the *sequence* of sentences. After all, before McIntosh's 50-year sentence for his second and third Section 924(c) convictions can begin, he must serve his sentence on his initial Section 924(c) conviction. If Count Two or Count Eight represents the initial conviction, then he must serve a minimum ten-year prison sentence on the initial conviction, because the jury found that a firearm was discharged with respect to those counts. *See* 18 U.S.C. § 924(c)(1)(A)(iii). If Count Six represents the initial conviction, then he must serve a minimum sentence of "only" seven years imprisonment on the initial conviction, because the jury found "only" that a firearm was brandished with respect to that count. *See id.* § 924(c)(1)(A)(ii).

Thus, if the initial conviction is on a discharge count (Count Two or Eight), the Court must sentence McIntosh to a minimum of 60 years imprisonment for his Section 924(c) convictions: ten years on the initial conviction with discharge of the firearm, plus 25 years for a second conviction, and an additional 25 years for a third conviction. However, if the initial conviction is deemed to be for the brandishing-only count (Count Six), the Court must sentence McIntosh to a minimum of 57 years imprisonment for the Section 924(c) convictions: seven years on the initial conviction with brandishing, plus 25 years for a second conviction, plus 25 years for a third conviction.

Although it is common practice to sentence a defendant in the order of counts in an indictment, there is no intuitive reason why that order

6

necessarily binds the sentencing court. By contrast, there are two reasons for this Court to sentence McIntosh on Count Six before sentencing him on Counts Two and Eight:

First, on the facts of McIntosh's case, the acts charged in Count Six at least partly precede those acts that form Counts Two and Eight. Count Six charges McIntosh with conduct on September 26, 2010. Count Eight charges him with conduct on October 28, 2010. Count Two—using, carrying, or possessing a firearm in furtherance of the Hobbs Act conspiracy—extends beyond those dates in both directions, charging conduct from 2009 through 2011. Therefore, the Court sees ample basis in the timeline of the charged conduct to consider Count Six the initial offense.

Second, to the extent that the appropriate order of the counts remains ambiguous, the rule of lenity resolves that ambiguity in favor of designating Count Six as the initial conviction. *See, e.g., United States v. Bass*, 404 U.S. 336, 347 (1971); *Yosef v. Killian*, 646 F. Supp. 2d 499, 507-08 (S.D.N.Y. 2009). If the proper sequence of sentencing under Section 924(c) were truly unclear, then "[u]nder a long line of [U.S. Supreme Court] decisions, the tie must go to the defendant." *United States v. Santos*, 553 U.S. 507, 514 (2008). Thus, this Court resolves any existing uncertainty about the order of counts in favor of lenity, which therefore grants primacy in sentencing to Count Six.

Because the sequence of counts determines McIntosh's prison sentence, this Court considers Count Six the initial conviction and imposes a seven-year mandatory minimum prison sentence for Count Six. The Court then imposes, consecutively to Count Six and to each other, 25-year mandatory minimum prison sentences for Counts Two and Eight respectively, which the Court has determined represent the second and third convictions under Section 924(c).

C. **In determining the appropriate sentence for McIntosh's non-Section 924(c) convictions, the Court may not consider the lengthy mandatory minimum sentences already calculated.**

Because McIntosh and his co-conspirators used firearms in furtherance of their robberies and their conspiracy, this Court is bound by statute to impose a mandatory minimum sentence of no less than 57 years imprisonment. Consecutively to the 57-year minimum, this Court must determine the appropriate sentence for McIntosh's underlying, non-Section 924(c) crimes. Currently 32 years old, McIntosh is statistically likely to die in prison no matter what sentence he receives for these crimes. After all, the 57-year mandatory minimum consecutive sentence required by Section 924(c) alone will keep McIntosh incarcerated well into his 80s, beyond his life expectancy.[2] Although this lengthy baseline sentence could

---

[2] A 32-year-old black male in the United States such as McIntosh has a statistical life expectancy of approximately 74 and a half years. *See* Sherry L. Murphy et al., Ctrs. for Disease Control & Prevention, *Deaths: Final Data for 2010*, Nat'l Vital Statistics Reports, May 8, 2013, at 30 tbl.7.

In light of 18 U.S.C. § 3553(a)'s mandate that a sentencing court impose a sentence sufficient "but not greater than necessary," this Court wonders whether imposing a sentence lengthier than McIntosh's expected life is truly necessary. When a court gives a sentence beyond a defendant's natural life, any additional fulfillment of the goals of sentencing is dubious. *See United States v. Barton*, 442 F. Supp. 2d 301, 304 (W.D. Va. 2006); *see also United States v. Craig*, 703 F.3d 1001, 1004 (7th Cir. 2012) (Posner, J., concurring).

The Second Circuit, however, has consistently regarded as reasonable the imposition of a sentence longer than a defendant's natural life and therefore physically impossible for a defendant to serve. *See, e.g., United States v. Stitsky*, 536 F. App'x 98, 115 (2d Cir. 2013) (summary order) (affirming an 85-year sentence); *United States v. Jass*, 331 F. App'x 850, 858 (2d Cir. 2009) (summary order) (affirming a 115-year sentence). After all, "the physical impossibility of serving [a] sentence is not one of § 3553(a)'s factors." *United States v. Parker*, 341 F. App'x 122, 125 (6th Cir. 2009).

inform the Court's determination of what sentence should follow those 57 years, the law in the Second Circuit prohibits sentencing courts from considering the Section 924(c) minimum sentence when determining the sentence on other counts.

In endeavoring to dispense even-handed justice, a sentencing court must apply a broad swath of information that includes "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); other factors required by statute, *see id.* § 3553(a)(2)-(5); and the advisory wisdom memorialized in the U.S. Sentencing Guidelines, *see United States v. Booker*, 543 U.S. 220, 246 (2005). This all-encompassing collection of information, advice, and discretion yields "an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007). Even more fundamentally, the overarching requirement that binds every sentencing court is the parsimony clause, which commands that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a); *see, e.g., United States v. Williams*, 475 U.S. 468, 476-77 (2d Cir. 2007).

---

When imposing or affirming longer-than-life sentences, courts regularly justify the long lengths as furthering the purposes of sentencing, most often deterrence and retribution. *See, e.g., United States v. Fox*, 357 F. App'x 64, 66 (9th Cir. 2009) (positing that 110-year sentence serves the deterrence purpose); Denny Chin, *Sentencing: A Role for Empathy*, 160 U. Pa. L. Rev. 1561, 1574 (the author had sentenced Bernie Madoff to 150 years imprisonment "because 'the symbolism was important'"). Further underlying many such sentences is the sense that prison time in excess of life is, at worst, "necessarily harmless." *Hamilton*, 548 F. App'x 728, 731 (2d Cir. 2013).

But harmlessness does not make an act proper. The Court writes today not to draw a bright-line rule against sentences in excess of a defendant's natural life but rather to express its current discomfiture with the practice. Such sentences at best are in furtherance of nothing and at worst go against the stated objectives of our sentencing regime.

This model—an individualized assessment, informed by the specific circumstances of the case and defendant, resulting in a parsimonious sentence—demands that a sentencing court consider one count's mandatory minimum sentence when determining the appropriate sentence for another count. Faithfulness to parsimony depends at its core upon an accurate accounting of a sentence's stringency or leniency. Without such an accounting, how can a court ensure that the sentence suffices to comply with the purposes of sentencing? Or that a sentence does not exceed what is necessary to comply with the purposes of sentencing? Similarly, in the requirement to consider the details of the offense and of the defendant inheres a requirement to consider the time (especially when measured in decades) that the defendant will spend serving a mandatory minimum sentence. Surely the fact that a defendant will spend 57 years of his life in prison is a component of his history and characteristics. A court should not be required to ignore one component of a sentence while fashioning another.

However, in *United States v. Chavez*, 549 F.3d 119(2008), the Second Circuit concluded otherwise when confronting the question of whether a sentencing court, "in arriving at a reasonable total sentence, [] was [] authorized to impose a shorter prison term for [a non-Section 924(c) count] in light of the severe consecutive prison term it was required to impose on [a Section 924(c) count]." *Id.* at 133. The court held as follows:

> [A] sentencing court is required to determine the appropriate prison term for the count to which the § 924(c) punishment is to be consecutive; and if the court reduces the prison term imposed for that underlying count on the ground that the total sentence is, in the court's view, too severe, the court conflates the two punishments and thwarts the will of Congress that the punishment for violating § 924(c) be "addition[al]" and "no[t] . . . concurrent[]."

*Id.* at 135 (quoting 18 U.S.C. § 924(c)). By interpreting the mandatory minimum provision to prohibit a sentencing court's individualized assessment and to override the requirement of parsimony, the *Chavez*

Court held that one section of the U.S. Code—Section 924(c)—overrides the clear requirement of another section—Section 3553(a).

This Court is bound by *Chavez*. The Court therefore puts on blinders, as *Chavez* commands, to the next 57 years of McIntosh's life when determining what sentence is appropriate for his non-Section 924(c) convictions.

## IV. CONCLUSION

As this Court has previously observed, Louis McIntosh is a violent, felonious predator. *See McIntosh I*, 2014 WL 199515, at \*10. But McIntosh is also a defendant deserving of even-handed and informed dispensation of punishment and justice. Constrained by statute and by appellate court precedent, this Court sentences McIntosh to 720 months imprisonment. That term comprises a sentence of 36 months on each count that does not charge a violation of Section 924(c), each count to run concurrently with each other; plus a mandatory minimum of seven years on Count Six, which the Court determines to be the initial conviction under Section 924(c), to be served consecutively to all other counts; plus a mandatory minimum of 25 years on Count Two, the second conviction under Section 924(c), to be served consecutively to all other counts; plus a mandatory minimum of 25 years on Count Eight, the third conviction under Section 924(c), to be served consecutively to all other counts.

Dated:  New York, New York
    July 23, 2014

Sidney H. Stein, U.S.D.J.