UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :

UNITED STATES OF AMERICA
                                            :    PRELIMINARY ORDER OF
       - v. -                                        FORFEITURE AS TO SPECIFIC
                                            :    PROPERTY/
LOUIS MCINTOSH,                                MONEY JUDGMENT
  a/k/a "Lou D.,"                              :                             _S HS_
  a/k/a "Lou Diamond,"                          S3 11 Cr. 500 (~~KMK~~)
  a/k/a "G,"                                                :

                 Defendant.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about January 18, 2012, LOUIS MCINTOSH, a/k/a "Lou D.," a/k/a "Lou Diamond," a/k/a "G," (the "Defendant"), among others, was charged in a fifteen-count Indictment, S3 11 Cr. 500 (KMK) (the "Indictment"), with conspiring to commit robbery, in violation of Title 18, United States Code, Section 1951 (Count One); with the use, carrying, and possession of firearms during and in relation to a crime of violence, to wit, the robbery conspiracy charged in Count One, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2 (Count Two); with committing robberies, and attempting to do so, in violation of Title 18, United States Code, Sections 1951 and 2 (Counts Five, Seven, and Nine); with the use, carrying, and possession of firearms during and in relation to a crime of violence, to wit, the attempted robbery charged in Count Five, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2 (Count Six); with the use, carrying, and possession of firearms, which were brandished during and in relation to a crime of violence, to wit, the robbery charged in Count Seven, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 2 (Count Eight); with the use, carrying, and possession of firearms, one of which was discharged,

during and in relation to a crime of violence, to wit, the robbery charged in Count Nine, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2 (Count Ten); and with possession of a firearm, which previously had been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) (Counts Twelve through Fourteen);

WHEREAS, the Indictment included a forfeiture allegation with respect to Counts One, Five, Seven and Nine of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One, Five, Seven, and Nine of the Indictment, including but not limited to a sum of United States currency representing the amount of proceeds obtained as a result of the offenses alleged in Counts One, Five, Seven, and Nine of the Indictment;

WHEREAS, on or about February 2, 2012, the Government filed a Bill of Particulars identifying the following property as being subject to forfeiture as a result of the offenses alleged in Counts One, Five, Seven, and Nine of the Indictment:

    a.    One Grey BMW 528, VIN# WBANF33506CS35810

(the "Specific Property");

WHEREAS, on or about August 22, 2013, the Defendant was found guilty, following a jury trial, of Counts One, Two, Five through Ten, and Twelve through Fourteen of the Indictment;

WHEREAS, on or about May 23, 2014, the Defendant was sentenced and ordered to forfeit to the United States, a sum of money equal to $95,000 in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Courts One,

Five, Seven, and Nine of the Indictment, and all right, title, and interest of the Defendant in the Specific Property;

WHEREAS, on or about August 8, 2017, following his appeal, the Defendant was re-sentenced and ordered to forfeit to the United States, a sum of money equal to $75,000 in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One, Five, Seven, and Nine of the Indictment, and all of his right, title, and interest in the Specific Property;

WHEREAS, on or about August 8, 2017, the Court entered a Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") which ordered the forfeiture to the United States of: (i) a sum of money equal to $75,000 in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One, Five, Seven, and Nine of the Indictment; and (ii) all of the Defendant's right, title, and interest in the Specific Property;

WHEREAS, on or about August 22, 2017, the Defendant appealed his conviction and sentencing;

WHEREAS, on or about January 25, 2023, the United States Court of Appeals for the Second Circuit, *inter alia*, vacated the Preliminary Order of Forfeiture and remanded the case to this Court for resentencing;

WHEREAS, the Government asserts that $28,000 in United States currency represents property constituting, or derived from, proceeds traceable to the commission of the offenses charged in Count One, Five, Seven and Nine of the Indictment that the Defendant personally obtained;

3

WHEREAS, the Government seeks the entry of a money judgment in the amount of $28,000 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One, Five, Seven, and Nine of the Indictment that the Defendant personally obtained;

WHEREAS, the Government further seeks the forfeiture of all of the Defendant's right, title and interest in the Specific Property, which constitutes proceeds traceable to the offenses charged in Counts One, Five, Seven, and Nine of the Indictment that the Defendant personally obtained;

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Five, Seven, and Nine of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One, Five, Seven, and Nine of the Indictment, to which the Defendant was found guilty, a money judgment in the amount of $28,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One, Five, Seven, and Nine of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts One, Five, Seven, and Nine of the Indictment, to which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant LOUIS MCINTOSH, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site,

www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____
HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

April 19, 2023
DATE